**Bill FORTE, Plaintiff–Appellant,**

v.

**UNITED STEELWORKERS OF AMERICA, United Steelworkers Local 3967, and Tony Troutman, President, Defendants–Appellees.**

No. 00–6702.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

PER CURIAM.

The plaintiff, Bill Forte, sued the United Steelworkers of America, United Steelworkers of America Local 3967, of which he was a member, and Local 3967

President Tony Troutman, seeking injunctive relief and compensatory and punitive damages totaling $1.2 million. Citing 29 U.S.C. § 411 of the Labor Management Reporting and Disclosure Act of 1959, as amended, he claimed that the defendants had "violated [his] right to free speech and assembly, a meaningful vote and full and active participation in the affairs of the union," and accused the defendants of "act[ing] with arbitrary, autocratic and despotic control of union affairs." Although there were peripheral complaints, Forte's principal contention was that Troutman had manipulated selection of the union's contract negotiating committee by presenting the membership with a slate of nominees for their approval and then ruling Forte out of order when he moved to have the members of the committee elected individually at the union's regularly scheduled monthly meeting in December 1997.

The action in federal court eventually proceeded to trial, but at the completion of the plaintiff's case, the district court granted judgment to the defendants as a matter of law, finding that the plaintiff had failed to exhaust internal union remedies before filing his action in federal court. The record fully supports this ruling. Initially, the plaintiff—who accuses Troutman of failing to conduct the meeting in question in conformity with Roberts Rules of Order—himself failed to appeal the ruling of the chair with regard to his motion, and thereby failed to follow the same parliamentary rules that he later invoked against the defendants. Instead, he filed union charges against Troutman, despite the fact that he had not lost any basic rights under the union's constitution as a result of Troutman's action. When the

* The Hon. John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

local membership voted to exonerate Troutman based on the findings of a union trial committee, Forte failed to follow the procedures required by the union constitution to appeal that decision.

The Labor–Management Reporting and Disclosure Act of 1959 allows union members to challenge union actions in federal court, provided that:

[A]ny such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organization or any officer thereof.

29 U.S.C. § 411(a)(4). The United Steelworkers of America Constitution provides, in relevant part, that after seeking redress from the local chapter:

The accused or the accuser may appeal to the International Executive Board and thereafter to the next regular International Convention provided that such person files notice of appeal with the International Secretary Treasurer within thirty (30) days after notice of the decision of the Local Union or the International Executive Board from which appeal is taken. . . .

Sec. 7. It shall be the duty of a member to exhaust all said member's internal remedies and appeals provided under the Constitution and policies of the International Union and the Local Union By–Laws.

■ Although the provision in § 411(a)(4) sounds as if it might constitute a jurisdictional exhaustion requirement, to be proven pre-trial by the party instituting suit, it has instead been interpreted as a basis on which a district court may abstain from hearing a matter for up to four months while internal union avenues are pursued. In *NLRB v. Industrial Union of Marine and Shipbuilding Workers*, 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968), the Supreme Court explained that the term " 'may be required' is not a grant of authority to unions more firmly to police their members but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union." *Id.* at 426, 88 S.Ct. 1717. Accordingly, § 411(a)(4) does not create a jurisdictional bar to judicial review that can be invoked by defendant unions to prevent a case from being heard but, rather, preserves the discretionary exhaustion doctrine that allows courts to determine if they should stay any court proceedings while short-term internal remedies are sought. *See Chadwick v. Int'l Broth. of Elec. Workers, Local Union 175*, 674 F.2d 939, 941–42. (D.C.Cir.1982) ("The district court's jurisdiction was absolutely unaffected by Chadwick's alleged failure to exhaust his internal remedies because the proviso to § 101(a)(4)[U.S.C. § 411(a)(4) ] is permissive rather than mandatory.").

The plaintiff argues on appeal that because the International Convention of the United Steelworkers was not scheduled to meet until August 1998, more than four months after the dispute over appointment of the negotiating committee arose at the local meeting in December 1997, he was relieved of any obligation to exhaust his remedies under the union's constitution. We are unpersuaded by this argument.

In the first place, although the plaintiff made an obscure reference to § 411(a)(4)'s four-month provision in the district court, his current argument was not fleshed out or pressed in the court below, and no authority was presented that would have enabled the district court to consider and decide the issue now being raised on appeal. This default alone is a sufficient ground on which to decline review on ap-

peal. In addition, the statute does not designate what event or date triggers the running of the period, and the plaintiff has wholly failed to provide us with any guidance on this question.

More fundamentally, whatever the effect of the four-month rule in the abstract, it is clear in this case that the plaintiff did not diligently pursue redress of his grievance. He himself failed to follow the union's internal rules at the local meeting, failed to seek appeal of his complaints to the international union in the manner specified in the union's constitution, and did not file suit in federal court for more than a year after the original dispute arose.

For all these reasons, we conclude that the district court did not err in entering judgment for the defendants in this case, and we therefore AFFIRM the judgment of the district court in all respects.